UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON CAPOZZO,<br><br>        Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>        Defendant. | Case No.:  1:15-CV-1068[MAD/RFT]<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

SHARON CAPOZZO ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC("Defendant"):

### INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's conducts business in the State of New York, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Waterford, New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant is a corporation with its principal place of business located at 140 Corporate Boulevard in Norfolk, Virginia, 23502.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

12. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her, could have only arisen from financial obligations primarily for personal, family, or household purposes.

13. Defendant was attempting to collect on a personal automobile loan from Americredit for a vehicle repossessed in 2003.

14. Between September 2014 and August 2015, Defendant continuously and repeatedly contacted Plaintiff on her home telephone in its attempts to collect a consumer debt.

15. Defendant placed calls to Plaintiff from numbers including, but not limited to 510-343-3502, 412-847-5934, and 205-396-3619. The undersigned has confirmed these numbers belong to Defendant.

16. During one communication, Plaintiff asked a male collector why they were harassing her about this old debt, and in response the collector got angry at Plaintiff.

17. The male collector also told Plaintiff that she had made a payment towards the debt in 2005.

18. This was inaccurate as Plaintiff had not made any payments on the debt since prior to its repossession in 2003.

19. Plaintiff demanded that she receive verification of the debt, but never received any information concerning the debt that Defendant was seeking to collect.

20. Frustrated by the repeated calls and lack of information, Plaintiff told Defendant to stop calling her in January 2015.

21. In response to Plaintiff's request, Defendant's collector told Plaintiff that she must pay this debt.

22. Further, despite Plaintiff's request, the calls continued.

23. Once Defendant was aware that its calls were unwanted, there was no purpose for further calls, other than harassment.

24. Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive Plaintiff.

## COUNT I
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

25. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's home telephone number.

## COUNT II
### DEFENDANT VIOLATED §§ 1692e, 1692e(2)(A) and 1692e(10) OF THE FDCPA

28. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. A debt collector violates § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

30. A debt collector violates § 1692e(10) by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

31. Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10) when it indicated Plaintiff had made a payment towards the debt in 2005, when no payments had been made since prior to 2003.

**COUNT III**
**DEFENDANT VIOLATED §§1692f OF THE FDCPA**

32. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

33. Defendant violated § 1692f when it failed to update its records to cease all calls to her home phone and misrepresented that she made payment on the debt in 2005.

WHEREFORE, Plaintiff, SHARON CAPOZZO, respectfully prays for judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);
  d. Any other relief deemed fair and proper by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHARON CAPOZZO, demands a jury trial in this case.

                                                Respectfully submitted,

Dated: August 28, 2015                 By: /s/ Craig Thor Kimmel
                                                Craig Thor Kimmel, Esquire
                                                Attorney ID # 2790038
                                                Attorney for Plaintiff
                                                Kimmel & Silverman, P.C.
                                                30 East Butler Pike
                                                Ambler, PA 19002
                                                Phone: (215) 540-8888
                                                Facsimile: (877) 788-2864
                                                Email: kimmel@creditlaw.com